UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID PATERSON, )
)
Petitioner, )
)
v. ) No. 1:18-cv-00948-TWP-DLP
)
WARDEN, )
)
Respondent. )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of David Paterson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCF 16-12-0030. For the reasons explained in this Entry, Mr. Paterson's habeas petition must be **denied.**

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B.  The Disciplinary Proceeding

On December 5, 2016, Correctional Officer Carter issued a Report of Conduct charging Mr. Paterson with a violation of Code B-202, Possession of a Controlled Substance. Dkt. 10-1. The Report of Conduct states:

> On the above date and approx. time I, Ofc. B. Carter, conducted a search of RHU-105 (assigned to Ofd. Paterson, David #260210) and found inside the offender['s] deodorant a piece of brown paper towel (rolled in a manner consistent with a cigarette) containing an unidentified brown flaky substance. This officer brought the substance in question to Internal Affairs, where Investigator Williams tested it and found it positive for meth-amphetamine (.090 oz by weight). The substance and the chemical test were photographed in Internal Affairs, and the offender is aware of this Disciplinary Action. E.O.R.

*Id*. Mr. Paterson was notified of the charge on December 6, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 10-1; dkt. 10-2. Mr. Paterson refused screening. Dkt. 10-2.

The hearing officer conducted a disciplinary hearing on December 8, 2016. Dkt. 10-4. The hearing officer noted Mr. Paterson's statement, "I wanted this tested in a lab. It is a banana peal [sic] dried." (capitalization modified). *Id*. The Hearing Officer determined that Mr. Paterson had violated Code B-202 based on the staff reports, Mr. Paterson's statement, and other physical evidence. *Id*. The sanctions imposed included the deprivation of two days of earned credit time and the imposition of a suspended demotion in earned credit class from a prior disciplinary conviction. *Id*.

Mr. Paterson filed an appeal to the Facility Head and the Final Review Authority. Dkt. 1 at 1, 2. Both appeals were denied. Dkt. 10-5; dkt. 10-6. Mr. Paterson then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.    Analysis

Mr. Paterson presents two challenges to his disciplinary hearing and subsequent finding of guilt. First, Mr. Paterson asserts that the hearing officer's determination is not supported by sufficient evidence. Dkt. 1 at 3. Secondly, Mr. Paterson challenges the respondent's denial of his request to have the substance in question retested at a laboratory. *Id*.

    1.    Sufficiency of Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Paterson asserts that there is insufficient evidence to prove he was guilty of B-202, Possession of a Controlled Substance. The version of Code B-202 in effect at the relevant time prohibited "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code. . . ." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, at 3 (June 1, 2015). The Report of Conduct explained that "a piece of brown paper towel (rolled in a manner consistent with a cigarette) containing an unidentified brown flaky substance" was found in Mr. Paterson's deodorant. Dkt. 10-1. The Report of Conduct further states that the substance in question tested "positive for meth-amphetamine

(.090 oz by weight). The substance and the chemical test were photographed in Internal Affairs. . . ." *Id*. The hearing officer found Mr. Paterson guilty based on the Report of Conduct and the pictures taken by Internal Affairs. Dkt. 10-4. This evidence is sufficient to support the hearing officer's decision that Mr. Paterson was in possession of a controlled substance.[1] Mr. Paterson is not entitled to relief on this basis.

2. Denial of Evidence

Mr. Paterson alleges that he was improperly denied his request for the substance in question to be tested at a laboratory at his own cost. Dkt. 1 at 3. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted).

However, petitioners have no right to laboratory testing. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test. . . Prison administrators are not obligated to create favorable evidence or produce evidence they do not have."). Mr. Paterson was not entitled to lab testing of the substance, nor was the prison obligated to create or produce evidence it did not have. Accordingly, Mr. Paterson is not entitled to relief on this claim.

---

[1] In Mr. Paterson's reply to respondent's return, he contends that the appropriate standard of review is not the "some evidence" standard, but rather a preponderance of the evidence standard. Dkt. 22 at 3. However, Mr. Paterson incorrectly states the standard of review applied in habeas cases. As previously noted, a hearing officer's decision need only rest on "some evidence." *Ellison*, 820 F.3d at 274.

## D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Paterson to the relief he seeks. Accordingly, Mr. Paterson's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/3/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID PATERSON
#260210
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov